**AVID IDENTIFICATION SYSTEMS, INC., a California Corporation, on behalf of itself and on behalf of the general public, Plaintiff-counter-defendant—Appellant,**

v.

**SCHERING–PLOUGH CORPORATION, a New Jersey Corporation; Schering–Plough Animal Health Corporation, a Delaware Corporation, Defendants-counter-claimants—Appellees.**

Nos. 01–55588, 01–55847.
D.C. No. CV–99–00170–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided March 25, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Avid Identification Systems, Inc. ("Avid") appeals the district court's denial of Avid's motion for partial summary judgment and its request for an injunction against Schering–Plough Corporation and Schering–Plough Animal Health Corporation ("Schering") in Avid's action alleging unfair competition under the Lanham Act (15 U.S.C. § 1125) and California law. Avid also appeals the district court's order, certified pursuant to Federal Rule of Civil

Procedure 54(b), granting summary judgment in favor of Schering on Avid's claims. Avid contends that the district court erred in holding that there were no disputed issues of fact regarding the accuracy and materiality of various representations made by Schering. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand for trial.

We review the district court's grant of summary judgment de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001).

■ Under § 43(a) of the Lanham Act, an actionable claim for false advertising includes the following elements: (1) a false statement of fact in a commercial advertisement; (2) evidence that the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception must be material (i.e., likely to influence potential customers); (4) evidence the defendant caused the statement to enter interstate commerce; and (5) proof of injury incurred by the plaintiff, either by loss of sales or lessening of goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

■ With regard to Schering's representations about its market share, the district court held that the statements are not actionable under the Lanham Act because they are "too vague to be literally false" and because "Avid presents no evidence ... that the statements had any impact on consumer behavior." We disagree.

Schering's statements variously representing its market share to be 86%, 90%, 92%, and 98%, are specific and measurable claims of the type we have held actionable under the Lanham Act in other cases.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

See, e.g., Id. at 1145 (claim of "50% Less Mowing" held actionable); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 732 (9th Cir.1999) (statement that a competitor was "not paying its bills" held actionable). Moreover, Avid has provided evidence that Schering made these apparently false market share representations in a proposal to the Harris County Medical Association, to PennHip certified veterinarians, and in various advertisements. Because these representations were literally false, the statements carry with them the presumption that consumers relied on and were deceived by them. *See William H. Morris Co. v. Group W. Inc.* 66 F.3d 255, 258 (9th Cir. 1995) (citing *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 (9th Cir.1989); *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1040–41 (9th Cir. 1986)). Avid has succeeded in raising a triable issue of fact as to its Lanham Act claim regarding Schering's market share representations.

■ Avid also alleges that Schering made false statements about the migration rate of their competing products to animal owners, veterinarians, animal control facilities and the United States military. Avid contends that Schering claimed that HomeAgain microchips "eliminated" migration, that Avid's microchips had a "serious migration problem," and that studies showed that Schering's microchips were more reliable than Avid's.

Even if not actually false, at a minimum Avid has succeeded in identifying a triable issue as to whether Schering's statements were misleading in context and whether Avid suffered injury. We reverse the district court's grant of summary judgment on both of Avid's Lanham Act claims, and remand for trial.

Avid's state law claims under California Business and Professions Code § 17200 are "substantially congruent" to its claims under the Lanham Act, and the district court's grant of summary judgment on these claims is reversed for the reasons stated above. *See, e.g., Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

■ Finally, Avid contends that Schering interfered with its prospective economic advantage in violation of California law. The elements of this tort are: "(1) the existence of a prospective business relationship containing the probability of future economic rewards for plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual causation; and (5) damages to plaintiff proximately caused by defendant's conduct." *PMC, Inc. v. Saban Entm't, Inc.* 45 Cal.App.4th 579, 52 Cal. Rptr.2d 877, 886 (Ct.App.1996) (quotation omitted); *see also Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 830 (9th Cir.2001)(applying California law).

Avid has failed to present a triable issue regarding any intentional acts by Schering to disrupt its prospective business relationship with a third party, causation, or its damages. We affirm the district court's grant of summary judgment on Avid's claim of interference with prospective business relationship.

REVERSED in part, AFFIRMED in part, and REMANDED. Each party to bear its own costs.